**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, SR., MARC HERBST,
THOMAS PIALI and DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

**REPORT AND
RECOMMENDATION**

CV 09-1484 (SLT) (AKT)

Plaintiffs,

- against -

MMK TRUCKING, INC., ROAD SAVERS, INC.,
FTU LEASING CORP.,

Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Anthony D'Aquila, Frank Finkel, Joseph Ferrara, Sr., Marc Herbst, Thomas Piali and Denise Richardson (collectively "Plaintiffs"), as Trustees and Fiduciaries of the Local 282, Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, bring this action against Defendants MMK Trucking, Inc. ("MMK"), FTU Leasing Corp. ("FTU") and Road Savers Inc., for the collection of unpaid and delinquent contributions and attendant damages pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

Defendant Road Savers filed an Answer on August 19, 2009 denying the allegations asserted against it. *See* DE 3.   Defendants MMK and FTU never responded to the Complaint nor

did they seek additional time to respond to the Complaint after being properly served with the same. Thus, Plaintiffs moved for a Default Judgment as to Defendants MMK and FTU. *See* DE 11.

By Order dated April 7, 2010, Judge Townes referred Plaintiff's motion for Default Judgment for a Report and Recommendation.

## II. PERTINENT FACTS

The Funds at issue are employee benefit plans established pursuant to the terms of various collective bargaining agreements between labor organization Local 282 and various employers who are required to make contributions to the Funds on behalf of their covered employees. Compl. ¶ 6. Defendants MMK and Road Savers, who transport asphalt and other paving materials, have employed at least one employee covered by the collective bargaining agreement with Local 282. *Id.*, ¶¶ 8-11. Defendant FTU is in the business of supplying trucks to MMK and Road Savers. *Id.*, ¶¶ 12-13. Defendant MMK has been a signatory to collective bargaining agreements with Local 282 from at least July 1, 2002, through June 30, 2011. *Id.*, ¶ at 14. MMK failed to report and pay contributions for all hours its employees worked in covered employment from January 1, 2006, though June 30, 2008. *Id.*, ¶ 18. Plaintiffs further allege that MMK, Road Savers and FTU are all affiliated and are part of a business constituting a single employer sharing common control with each other. *Id.*, ¶¶ 23-24. Indeed, Plaintiffs maintain that MMK has used Road Savers and FTU to avoid its obligations under its collective bargaining agreement with Local 282. *Id.*, ¶¶ 43-49.

## III. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see FashionTV.com GMBH v. Hew*, No. 06-CV-3200, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as Plaintiffs have done here. *See Kieit Constructors, Inc. v. Franbuilt, Inc.*, No. 07-CV-121A, 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, 2007 WL 2363694, at *2. The Clerk of the Court noted the default of Defendants M MK and FTU but judgment has not been entered for Plaintiffs. *See* DE 16.

Rule 55(b)(2) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment." The determination of a motion for default judgment is left to the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 160, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001). These factors are (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, No. 02 Civ. 9044, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

## IV. DISCUSSION

As to the first factor, the failure of Defendants MMK and FTU to respond to the Complaint sufficiently demonstrates wilfulness. *See Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652 (S.D.N.Y. Dec. 20, 2007). Plaintiffs have submitted affidavits of service to the Clerk of the Court demonstrating that "the Summons and Complaint were served on defendant MMK Trucking, Inc. via the New York Secretary of State on August 11, 2009, and on defendant FTU Leasing Corp. via the New York Secretary of State on August 11, 2009." *See* DE 16. Further, proof of service on MMK and FTU is annexed as Exhibit A to the Declaration of Nathan V. Bishop in Support of Plaintiffs' Request for a Default Judgment.[1] *See* DE 12, Ex. A. As noted above, Defendants MMK and FTU never answered or responded in any way to the Complaint, nor did they request an extension of time to respond. Therefore, the court file establishes that Defendants MMK and FTU have failed to respond to the Complaint.

Next, the Court must consider whether Defendants MMK and FTU have a meritorious defense. The Court is unable to make a determination whether these Defendants have a meritorious defense to Plaintiffs' allegations because they have presented no such defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.,* 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998)). The Complaint, the allegations of which

---

[1] Subsequent references to the Declaration of Nathan V. Bishop are cited as "Bishop Decl. ¶ ____."

are deemed admitted by Defendants MMK and FTU in light of their default, describes in detail the factual allegations that underlie Plaintiffs' claims for ERISA violations,. *See Indymac Bank*, 2007 WL 4468652, at *1.

Indeed, accepting all allegations in the Complaint as true, the Plaintiffs have asserted a valid claim under ERISA. Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a fiduciary to obtain equitable relief to redress violations or to enforce any provisions of a plan. Plaintiffs assert that they are fiduciaries of the Funds , which are employee benefit plans within the meaning of Section 1002(3). The Plan was established pursuant to the terms of various collective bargaining agreements between Local 282, a labor organization, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreement. *See* Compl. ¶ 6. Plaintiffs allege that MMK has been a signatory to the collective bargaining agreement with Local 282 since at least July 1, 2002, and was thus bound by the Trust Agreement. *Id.* at 14-15. Plaintiffs further assert that MMK was required to make contributions to the Funds and was required to submit detailed written reports of hours worked by employees each month pursuant to the collective bargaining agreement. *Id.* 16-17.

However, Plaintiffs contend that MMK failed to report and pay contributions for all hours its employees worked in covered employment from at least January 1, 2006, through June 30, 2008, thus violating the collective bargaining agreement and Trust Agreement. *Id.* at 18. The failure to make such contributions as required constitutes a violation of 29 U.S.C. § 1145, which states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent

> with the law, make such contributions in accordance with the terms and
> conditions of such plan or such agreement.

29 U.S.C. § 1145. In addition, Plaintiffs allege that MMK, Road Savers and FTU comprised and continue to comprise one enterprise *Id.* at 49. Plaintiffs allege that FTU was established for the purpose of evading the provisions of the collective bargaining agreement, and thus, as a single employer with MMK and Road Savers, is jointly and severally liable for all sums owed by MMK and Road Savers. *Id.* at 93-98. Accordingly, Plaintiffs have satisfied the requirements to assert a violation under ERISA.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06-CV-14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* No. 02 Civ. 9044, 2003 WL 1960584, at * 3). As all three factors have been met, a default judgment is warranted. I therefore respectfully recommend to Judge Townes that a default judgment be entered against Defendants MMK and FTU.

## V.    DAMAGES CALCULATION

According to the Complaint, Plaintiffs allege that Defendants are liable not only for the unpaid contributions, but also interest on the unpaid contributions at the rate of 18% per annum, liquidated damages calculated as the greater of 20% of the unpaid contributions or an amount equal to the interest on unpaid contributions, as well as reasonable atttorneys' fees and costs. Compl. ¶¶ 19-22. All damages sought by Plaintiffs are permissible under 29 U.S.C. 1132(g).

In support of their request for damages, Plaintiffs have submitted the following documents:

- Declaration of Local 282 employee Theresa Cody in Support of Plaintiffs' Request for a Default Judgment

- Declaration of attorney Nathan Bishop in Support of Plaintiffs' Request for a Default Judgment

- Declaration of independent auditor Richard Bamberg in Support of Plaintiffs' Request for a Default Judgment

However, a calculation of damages against the two defaulting defendants here is complicated by the presence of the non-defaulting defendant, Road Savers, Inc.[2] In a situation "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)). As this court has noted:

> [t]his principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations.

*Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (internal citations and quotations omitted); *see also Long Island Hous. Services v.*

---

[2] This matter is further complicated as two related actions are pending in this Court over the same ERISA violations regarding the same Trust Funds by Defendants MMK and Road Savers for periods from April 2001 through March 2006. *See La Barbera v. MMK Trucking, Inc.,* 06-CV-1329; *La Barbera v. R. Rio Trucking*, 03-CV-1508. MMK Trucking actively defended these actions and summary judgment motions are pending in both.

*Greenview Properties, Inc.*, No. 07-CV-352, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, No. 92 Civ. 0377, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same).

Here, Plaintiffs allege that "MMK, Road Savers and FTU comprised and continue to comprise one enterprise." Compl. ¶ 49. In addition, Plaintiffs seek to hold Defendants Road Savers, FTU and MMK jointly and severally liable for all sums owed to the Funds by MMK and Road Savers, Inc. *See* Bishop Decl. ¶ 4. Even thought the defaulting and non-defaulting Defendants may be held jointly and severally liable for the same damages, "deferring consideration of damages with respect to the defendants in default until after [Plaintiffs'] contested claims are litigated will minimize the risk of inconsistent awards." *Harvey*, 2008 WL 724152 at *1.

For these reasons, I respectfully recommend to Judge Townes that the calculation of damages against Defendants MMK and FTU be deferred until the case is resolved as to the non-defaulting Defendant Road Savers, Inc. The documents submitted to the Court supporting Plaintiffs' calculations of damages are preserved for the subsequent review.

## VI.  CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Townes that (1) a default judgment is warranted and should be entered against Defendants MMK and FTU; and (2) the calculation of damages against Defendants MMK and FTU be deferred until the case is

resolved as to the non-defaulting Defendant Road Savers, Inc.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Townes, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Townes prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      August 24, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge